UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT McLAUGHLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 1464 CDP |
| | ) | |
| ANNE L. PRECYTHE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On March 22, 2016, I granted petitioner Scott McLaughlin's petition for writ of habeas corpus on two of his twelve grounds for relief. I entered judgment that same date, vacating his death sentence and ordering that he be sentenced to life in prison without the possibility of parole, or be given a new penalty hearing. I denied a certificate of appealability on his remaining claims. The State thereafter moved under Fed. R. Civ. P. 59(e) for me to alter or amend my judgment on one of the claims on which I granted relief. Upon careful consideration, I will deny the State's Rule 59(e) motion. I will also deny as moot the State's pending motion for "final ruling."

## Legal Standard

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight days after entry of the judgment. Rule 59(e) gives

the court power to rectify its own mistakes following entry of judgment. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to "correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and citation omitted). They cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered or raised before the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Metro. St. Loius Sewer Dist.*, 440 F.3d at 933. A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (internal quotation marks and citation omitted) (emphasis in *Barnett*). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *Metro. St. Louis Sewer Dist.,* 440 F.3d at 933.

## Status of Proceedings

As noted above, I granted relief to McLaughlin on two of his habeas claims, but the State requests that I reconsider my decision on only one claim: that the trial court's imposition of a death sentence violated McLaughlin's Sixth, Eighth, and Fourteenth Amendment rights because Missouri's sentencing statute and jury

instructions permitted the trial court, rather than the jury, to make findings of fact required to render him eligible for the death penalty. In its Rule 59(e) motion, the State describes an uncertain state of Missouri law regarding whether the "weighing step" of Missouri's capital sentencing statute (*i.e.*, step 2 of the 3-step process) requires a factual determination by a jury and not a judge in order for a capital defendant to be considered "death eligible" under federal law (*see* Resp. Mot. to Alter or Amend, ECF 80 at pp. 9-10). The State argues that I erred in my analysis of this law and in my determination that the Missouri Supreme Court's interpretation and application of the law was unreasonable in light of contrary precedent from the United States Supreme Court.

While researching the State's argument, I learned of two capital cases pending before the Missouri Supreme Court that followed the same track in state court as McLaughlin's regarding the same issue of step-2 factual findings.[1] Recognizing that the Missouri Supreme Court would have the opportunity to finally resolve the controlling issue of state law that is central to determining the issue raised in the State's Rule 59(e) motion – law that the State itself describes to be in flux – I determined to stay ruling on the motion pending the supreme court's ruling. However, citing increasing and unnecessary "friction" between state and federal "systems" – apparently caused by my decision to await a ruling from the

---

[1] Those two cases are still pending before the Missouri Supreme Court as I write this memorandum.

state's highest court on the issue that could decide the admittedly unresolved question raised by the State in its motion – the State insists that I proceed to rule in order to avoid the "significant costs" of delay. The State makes this request despite the real possibility that Missouri's highest court could cure its own constitutional error that affected McLaughlin's case and other capital cases now pending before that court.

The State expresses its desire to seek appellate review of my judgment, citing the potential benefit such review would have to both it and to McLaughlin, and averring that the Missouri law central to disposition of the instant motion could develop in McLaughlin's favor while this case is on appeal, which would provide the court of appeals an opportunity to affirm my judgment on that basis. The State contends that the pendency of its Rule 59(e) motion, however, prevents it from seeking such further review.[2] The State therefore asks that I lift the stay and rule its Rule 59(e) motion, which would then permit it to seek appellate review without any further delay.

I stayed this case in deference to the state's highest court and its expected decision on an unsettled legal issue that has been squarely put before that court. Although my intended deference to the state court's determination comes post-

---

[2] I question the State's assertion that the pendency of its motion is the sole cause of the delay in this action. I am aware of no authority, and the State cites to none, that requires a disappointed party to file a Rule 59(e) motion before appealing an adverse decision.

judgment, I nevertheless believe that the circumstances of this case warrant consideration of "the States' interest in correcting their own mistakes," an interest that is to be "respected in all federal habeas cases." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). This is especially so here since this case is a capital case, which must be "policed at all stages by an especially vigilant concern for procedural fairness and the accuracy of factfinding." *Strickland v. Washington*, 466 U.S. 668, 704 (1984) (Brennan, J., concurring in part and dissenting in part). But because "all stages" include appellate review, and I am confident that the Eighth Circuit will act with such vigilance, I turn now to the substance of the State's Rule 59(e) motion.

## Discussion

The State argues in its Rule 59(e) motion that I erred as a matter of law on the merits of McLaughlin's claim, procedurally erred when I considered the claim despite its procedural default, and rendered a decision that is subject to the *Teague v. Lane*[3] retroactivity analysis. I will address each of these contentions in turn.

A.  Merits

The ruling challenged by the State in its motion to alter or amend is that which granted the claim raised by McLaughlin in Ground 3 of his petition. As to the substance of my ruling, the State argues that: 1) the Missouri Supreme Court's

---
[3] 489 U.S. 288 (1989).

decision on the claim was consistent with and not contrary to clearly established Supreme Court precedent; 2) the Eighth Circuit had already determined that the jury instructions at issue did not violate *Mills v. Maryland*[4]; 3) I was bound by the Missouri Supreme Court's application of Missouri law; and 4) I was bound by the Missouri Supreme Court's factual findings because McLaughlin did not refute them by clear and convincing evidence.

1. *Clearly Established Supreme Court Precedent*

The State's first argument is merely a disagreement with my conclusion that the Missouri Supreme Court's decision was contrary to and based on an unreasonable application of clearly established federal law as articulated by the United States Supreme Court in *Ring v. Arizona*[5] and *Mills*. While the State cites to additional Supreme Court authority to reargue its position, Rule 59(e) is not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court. *Rodgers v. Univ. of Missouri Bd. of Curators*, No. 4:13-CV-1769-JAR, 2014 WL 6083259, at *2 (E.D. Mo. Nov. 13, 2014). Given that the State had a full and fair opportunity to litigate this general defense when I initially considered McLaughlin's petition, its resurrected argument is not a basis for relief under Rule 59(e).

---

[3] 486 U.S. 367 (1988).

[5] 536 U.S. 584 (2002).

2. *Eighth Circuit Precedent*

The State next argues that I committed a manifest error of law when I failed to recognize that the Eighth Circuit had already found that the jury instructions challenged by McLaughlin did not run afoul of *Mills*. Notably, the State did not raise this argument before my judgment was entered despite the existence of its now-cited Eighth Circuit cases when it filed its response to McLaughlin's claim. Because this argument could have been raised previously, it is not a proper argument to be raised in a Rule 59(e) motion. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933; *Williams v. Roper*, No. 4:05CV1474 RWS, 2010 WL 2539671, at *2 (E.D. Mo. June 16, 2010). I will therefore not address it.

3. *Deference to State Court's Application of State Law*

The State also argues that I overstepped my role as a federal habeas court by reexamining the Missouri Supreme Court's determination of state law. Contrary to the State's argument, I did not reexamine Missouri law or say that the Missouri Supreme Court misapplied Missouri law; indeed, I expressly recognized my duty not to do so: "Of course, this court is bound by the state courts' interpretation of state law and that interpretation may not be questioned on habeas review." (Memo. & Order, ECF 77 at p. 73.) Instead of examining whether the Missouri Supreme Court properly interpreted and applied Missouri state law, my express holding was that the Missouri Supreme Court's interpretation of Missouri law

involved an unreasonable application of and resulted in a decision that was in direct contravention to clearly established Supreme Court precedent: "But in this case, it is this court's *acceptance* of that state-law interpretation that leads to the constitutional problem. [The] Missouri Supreme Court's . . . interpretation . . . was based on an unreasonable application of *Ring*[, which is] what led to a decision contrary to *Ring* and *Mills*[.]" (Memo. & Order, ECF 77 at p. 73.)

The State's argument that I failed to defer to the state court's interpretation of its own law is without merit, and the motion to alter or amend judgment on this basis will be denied.

4. *Deference to State Court's Factual Findings*

Finally, the State contends that I erred when I "disagreed" with the Missouri Supreme Court's factual determination that the jury (and not the trial judge) made the required factual finding at step 2 of the sentencing process. The State specifically argues that my "disagreement" with this factual finding cannot provide a basis to grant habeas relief because it runs afoul of 28 U.S.C. § 2254(e)(1), which requires me to presume the state court's factual findings to be correct unless McLaughlin presents clear and convincing evidence to rebut the presumption. The State argues that because McLaughlin did not provide such evidence, I legally erred in rejecting the supreme court's factual determination. The State's argument is misplaced.

Section 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." However, under § 2254(d)(2), a federal habeas court must grant a habeas petition if the state court's adjudication of the merits of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." That is what I did here.

The United States Supreme Court has not yet defined the precise relationship between § 2254(d)(2) and § 2254(e)(1). *See Brumfield v. Cain*, 135 S. Ct. 2269, 2282 (2015). However, it has expressly recognized that the deference to be accorded to state court factual findings "'does not imply abandonment or abdication of judicial review[.]'" *Id.* at 2277 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). To the contrary, where an examination of the state-court record compels a federal habeas court to conclude that the state court's critical factual determination was unreasonable, relief is warranted. *Id.* As demonstrated in my Memorandum and Order, my examination of the state-court record here compelled such a finding.

I agree with the State that a state court's factual determinations are not unreasonable merely because I could have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). But in the circumstances

of this case and in light of the evidence of record – that is, the instructions given and the jury's "no" on the step-2 special interrogatory – no conclusion *could* be reached on the question of whether the jury made the required factual finding on mitigating circumstances that would have made the imposition of the death penalty constitutionally sound. That was the problem. Both the trial court and the state supreme court interpreted the jury's "no" as its factual finding that the mitigating circumstances did not outweigh the aggravating factors. But, for the reasons set out in my Memorandum and Order, there was no way that the trial judge or the supreme court could have known that that was what the jury actually found. The jury's "no" was just as likely to have meant that it was deadlocked on the question. Because the evidence shows that there was no way to know whether the jury made the factual findings required at the weighing step of the sentencing process to render McLaughlin eligible for the death penalty, the Missouri Supreme Court's presumptive finding that the jury *did* made the requisite factual finding at this step was unreasonable.

My examination of the state-court record compelled me to conclude that the Missouri Supreme Court's critical factual determination – that McLaughlin's jury made the required factual finding at step 2 to make him "death eligible" – was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Because this unreasonable determination of the facts was

the basis for the supreme court's ultimate conclusion that the trial court's imposition of the death penalty did not violate McLaughlin's Sixth Amendment right to trial by jury, I did not err in granting McLaughlin habeas relief on this claim. 28 U.S.C. § 2254(d)(2); *Brumfield*, 135 S. Ct. at 2277.

B. Procedural Default

The State asks that I exercise my discretion to address its newly-raised and belated argument that, to the extent McLaughlin raised this claim under *Mills v. Maryland*, 486 U.S. 367 (1988), the claim is procedurally defaulted and not subject to federal habeas review. The State contends that its failure to raise the procedural-default defense when it responded to the claim was mere inadvertence and should not be construed as an intentional relinquishment of the defense.

Rule 59(e) motions cannot be used to raise arguments or affirmative defenses that could have – or should have – been raised prior to entry of judgment. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. "The habeas context is no exception to the prohibition on using a Rule 59(e) motion to raise new arguments that could have and should have been made before the court entered final judgment." *Jones v. Steele*, No. 4:06CV767RWS, 2010 WL 618474, at *4 (E.D. Mo. Feb. 18, 2010) (citing *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993)). On this basis, I decline to entertain the State's belated procedural-default argument.

Nevertheless, the State waived the procedural-default defense to this claim.

The State raised procedural default as a defense to several of McLaughlin's habeas claims, but not to the *Mills*-aspect of the claim raised in Ground 3 of the petition. Instead, the State argued the merits of Ground 3. In these circumstances, I find that the State's failure to advance a procedural-default argument to the claim constituted a waiver of the defense, *Jones v. Norman*, 633 F.3d 661, 666 (8th Cir. 2011), and I decline to entertain the belated argument on that basis as well.

C. *Teague*-Bar

The State argues that the "new rule" announced by my decision is barred by the non-retroactivity principle of *Teague v. Lane*, 489 U.S. 288 (1989). The State does not identify the "new rule" that I purportedly announced, nor does my review of my decision reveal one.

At the time McLaughlin's conviction became final, the law was clearly established that capital defendants are entitled to a jury determination of any fact on which the legislature conditions an increase in the maximum punishment, *Ring v. Arizona*, 536 U.S. 584, 589 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000), and that uncertainty regarding the factual underpinnings of a jury's verdict requires resentencing, *Mills*, 486 U.S. at 376-77. My analysis and decision was based on this clearly established law and was dictated by such precedent. Other than generally disagreeing with my decision, the State does not specify how I ran afoul of the *Teague* principle, nor does it identify the new rule I purportedly

announced or applied in the case. *See Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (defining "new rule" under *Teague*).

Because my decision was dictated by governing Supreme Court precedent existing at the time when McLaughlin's conviction became final, the decision neither announced nor applied a new rule. The State's motion to alter or amend based on *Teague* is denied.

D. <u>Amended Remedy</u>

The State also requests that I amend the judgment to allow for appellate review without the need of a stay or a request for more time to comply with the remedy I ordered. Specifically, the State asks that I change my order to resentence McLaughlin or provide a new penalty-phase trial to "within 180 days of the date this order becomes final" rather than "within 180 days" of my judgment as it now states. As discussed above, a Rule 59(e) motion exists for the limited purpose of correcting a manifest error. The State does not argue that my failure to order the remedy it now proposes constituted a manifest error; nor does it argue that the remedy as ordered deprives it of its appellate rights. The State is not entitled to Rule 59(e) relief on this request. *See Barnett v. Roper*, No. 4:03CV00614 ERW, 2016 WL 278861, at *13 (E.D. Mo. Jan. 22, 2016), *aff'd*, 904 F.3d 623 (8th Cir. 2018).

Accordingly,

**IT IS HEREBY ORDERED** that the stay previously imposed in this case is **LIFTED**.

**IT IS FURTHER ORDERED** that respondent's Motion to Alter or Amend Judgment [80] is **DENIED.**

**IT IS FURTHER ORDERED** that respondent's Motion for Final Ruling [95] is **DENIED as moot.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2018.